UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO AZPERA., | 2:25-cv-3510-CKD P |
| Plaintiff, | |
| v. | ORDER |
| I. JARROLD, et al., | |
| Defendants. | |

Plaintiff Gerardo Azpera is a state prisoner proceeding without counsel and seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed with leave to amend.

## I.    In Forma Pauperis

Plaintiff requests to proceed in forma pauperis. Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

2

### III.      Allegations in the Complaint

In Claim One, plaintiff alleges that defendant I. Jarrold, a correctional officer, violated the Eighth Amendment by failing to release plaintiff on time for a mental health appointment on May 20, 2025. Plaintiff alleges that he was "extremely late" for his appointment. (ECF No. 1 at 4.)

In Claim Two, plaintiff alleges that defendant Jarrold violated policies and protocol by "disallowing me my medical/mental health care," although the complaint includes no dates or details. Id. at 6. It is unclear to the court whether this allegation is related to the allegation in Claim One regarding the events of May 20, 2025.

In Claim Three, plaintiff seems to allege that defendant Jarrold violated plaintiff's rights by failing to provide a "priority pass" for his mental health appointment. Again, it is unclear to the court whether this allegation is related to the allegation in Claim One regarding the events of May 20, 2025. Id. at 6.

In Claim Five[1], plaintiff appears to allege a delay in opening his cell door and suggests that defendant Jarrold was responsible. Id. at 8. Again, it is unclear to the court whether this allegation is related to the allegation in Claim One regarding the events of May 20, 2025.

In Claim Six, plaintiff alleges that he has been the subject of racial discrimination because defendant Jarrold "allows white inmates to roam around…but retaliates and targets on colored inmates." Id at 7. No dates or details are provided.

In Claim Seven, plaintiff alleges gender discrimination based on transgender status, stating that on April 23, 2025, defendant Jarrold violated "protocol by refusing a very important (sic) failing to provide adequate medical care." Id. at 9. Plaintiff further alleges that defendant Jarrold did not open the cell door timely such that plaintiff was late for a medical appointment. Id.

In Claim Eight, plaintiff alleges that defendant Jarrold was responsible for leaving the cell lights on for "a period of 30 minutes after COs are alone" on May 12, 2025. Id. at 10.

Plaintiff requests money damages. Id. at 11.

/////

---

[1] It does not appear that plaintiff included a Claim Four.

**IV.    Legal Standards**

**A.  Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**B.  Conditions of Confinement**

Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).

**C.  Equal Protection**

To state claim for a violation of the Equal Protection Clause, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005).

A plaintiff must allege facts demonstrating "intentional unlawful discrimination or... facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

### D.    Retaliation

The right of access to the courts extends to the exercise of established prison grievance procedures. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim). In order to state a retaliation claim, a plaintiff must plead facts suggesting that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

### V.    Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Although there are allegations regarding issues with defendant Jarrold, none are specific enough for the Court to determine whether they state a cognizable claim. Further, although plaintiff names F. Perez as a defendant, there are no allegations against him/her. The court will, however, grant leave to file an amended complaint.

### VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice. The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

### VII.    Amended Complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VIII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd beal 25.3636.scrn

6